456

Louis E. Rudolph and Kapalko Pontiac Company, a Partnership, Appellants *v.* Albert Gallatin School District, Appellee.

Argued May 6, 1981, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*William M. Radcliffe*, with him *Charles O. Zebley, Jr., Coldren & Coldren*, for appellants.

*Gerald R. Solomon*, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, July 10, 1981:

Lewis E. Rudolph and Kapalko Pontiac Company (Rudolph) appeal an order of the Fayette County Common Pleas Court allowing a demurrer filed by the Albert Gallatin School District. We reverse and remand.

This matter involves an alleged oral contract between Rudolph and the School District for an amount due for bus services rendered by Rudolph for ten school days during the 1976 school year. By way of preliminary objection, in the form of a motion in the nature of a demurrer, the District asserts that Rudolph has failed to state a cause of action in that the alleged oral contract was never formally ratified by the School Board as required by Section 508 of the Public School Code.[1] The lower court sustained the demurrer.

Section 508 of the Public School Code provides in part:

> The affirmative vote of a majority of all the members of the board of school directors in every school district, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects:
>
> . . . .
>
> Entering into contracts of any kind, including contracts for the purchase of fuel or any supplies, where the amount involved exceeds one hundred dollars ($100).
>
> Failure to comply with the provisions of this section shall render such act of the board of school directors void and unenforceable.

24 P.S. §5-508.

In interpreting Section 508 our Supreme Court in *Mullen v. Dubois Area School District*, 436 Pa. 211, 259 A.2d 877 (1969), held that the procedural requirement of a duly recorded school board vote was directory only. In upholding a contract valid in all respects with the exception of adherence to the procedural requirements of Section 508, the Supreme Court stated:

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §5-508.

We agree with the trial court that it would be 'not only unconscionable but untenable at law, to maintain that the requirements for a valid and enforceable contract were not met in this case.'

. . . .

Neither are we inclined to eviscerate the force of the statute. However, it is clear beyond doubt that the expression of the board members' approval required by the statute can be evidenced in ways other than by a formal vote recorded in the minutes. To allow this does no violence to the purpose of the statute. . . . We hold the requirement of a formal recorded vote to be directory only, although with the caveat that proof from which the Board approval can be inferred must be solid.

Any result other than the one we reach today would arm every school board in the Commonwealth with a tool by which they could regularly avoid otherwise valid contracts. All they would need do is fail to specifically record in their minutes the required vote; then at their whim, as in this case, a contract could be voided by acknowledgement of the failure.

*Id.* at 215-17, 259 A.2d at 880.

In applying the Court's pronouncement in *Mullen* to the case at hand, it is imperative to note the procedural posture below. The trial court's dismissal of Rudolph's complaint was based upon consideration of the School District's preliminary objection. A preliminary objection admits every well pleaded fact set forth in the pleading, as well as all reasonable inferences. *Bogash v. Elkins,* 405 Pa. 437, 176 A.2d 677 (1962). Rudolph pleaded in his amended complaint that the issue of payment for the bus service in ques-

tion was discussed at an executive session of the Board.[2] To comport with the ruling in *Mullen*, Rudolph should have been permitted to go to trial and establish whether these discussions ripened into an expression of the Board members' approval.

Lastly, should this matter come before us again, *Mullen* requires that the procedural obligation of complying with Section 508 rests with the Board, and that in order to prevail, Rudolph must establish approval of the alleged oral agreement by solid proof.[3] Reversed and remanded.

ORDER

The Fayette County Common Pleas Court order dated April 28, 1980, dismissing the complaint of Louis E. Rudolph and Kapalko Pontiac Company, a partnership, is reversed. This matter is remanded to the trial court for proceedings not inconsistent with the decision rendered this date.

---

[2] The record is unclear as to whether the executive session comprised a majority of the members of the Board. For purposes of Section 508, it is important to deduce this fact. *See School District of Philadelphia v. Framlau Corporation*, 15 Pa. Commonwealth Ct. 621, 328 A.2d 866 (1974).

[3] Actually, Rudolph's burden is two-fold. He must establish (1) the validity of the alleged oral contract and (2) that the contract was approved by a majority of the Board members.